IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 26-MJ-03246-GBW |
| | ) | |
| vs. | ) | |
| | ) | |
| **RYAN BEAU MONTOYA**, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States respectfully moves the Court to enter a protective order appropriately restricting access to, and redistribution of photos, body camera footage, dash camera footage, and any reports that reference the alleged victims and witnesses by name or contain personal identifying information of the alleged victims and witnesses in this matter (hereinafter, "materials"). In support, the United States submits as follows:

1. The defendant is charged with a violation of 18 U.S.C. § 111(a)(1), that being Assault, Resistance, and Opposition of an Officer of the United States Resulting in Physical Contact, and a violation of 18 U.S.C. § 115, that being Influencing, Impeding, or Retaliating Against a Federal Official by Threatening. The defendant was arrested on a criminal complaint on October 8, 2026, and waived his preliminary hearing and the right to have this case presented to a grand jury within thirty (3) days of arrest pursuant to 18 U.S.C. § 3161(b) in exchange for pre-indictment discovery and pre-indictment plea negotiations.

2. The United States recognizes that the defense should have the opportunity to review the materials pre-indictment to facilitate plea negotiations. If those negotiations are unsuccessful

and the defendant chooses to retain an expert qualified to offer opinion testimony at trial derived from these materials, their attorneys also should be permitted to provide that expert access to the materials. There is no valid reason, however, for defense counsel to disclose the materials to anyone else.

3. The alleged victims and witnesses in this case have obvious, compelling privacy interests in these materials. In recognition of that interest, there is good cause to enter a protective order requiring defense counsel to: (1) restrict access to the materials to themselves, their investigation team, and an expert qualified to provide opinion testimony at trial based on these materials; (2) go over the materials with the defendant only under circumstances where no other person will view it and not provide the defendant with copies of the materials to keep in t heir possession; and (3) refrain from reproducing or otherwise disclosing information revealed in the materials under any circumstances except as evidence during the trial of this matter without an order from the court.

4. Entry of such a protective order is an appropriate exercise of the Court's authority to restrict discovery or inspection pursuant to Rule 16(d)91). There is good cause for the order based on the alleged victims' and witnesses' privacy interests, and entry of the order will not prejudice the defendant in any way.

5. The United States contacted defense counsel regarding the relief requested herein, and the defendant does not oppose entry of the requested protective order.

WHEREFORE, the United States request that the Court enter a protective order restricting access to, and redistribution of the materials as set forth above.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

***/s/ Electronically filed 10/20/26***
SILVIA DELGADO
Assistant United States Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 - Tel.
(575) 522-2391 - Fax

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

***/s/ Electronically Filed 10/20/26***
SILVIA DELGADO
Assistant United States Attorney