**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**Case No. 26MJ3246 GBW**

**RYAN BEAU MONTOYA ,**

**Defendant.**

**DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF APPEAL AND MOTION TO STAY ORDER SETTING CONDITIONS OF RELEASE**

COMES NOW the Defendant, Ryan Beau Montoya ("Mr. Montoya"), by and through attorney of record, David Benatar, and hereby replies to Government's Notice of Appeal and Motion to Stay Order Setting Conditions of Release (Doc. 15) as follows:

1. On October 19, 2026, this Honorable Court decided that conditions of release could be crafted in this case, including release to a halfway house as directed by pretrial services.

2. The Government filed an appeal of this Court's detention order that same day. Doc. 15.

3. Neither an order setting conditions of release, nor an order staying the Court's ruling, have been entered as of the filing of this pleading.

4. Mr. Montoya respectfully requests that the Court not stay its order while a detention appeal is held.

5. The Eighth Amendment prohibits the imposition of excessive bail. *See* U.S. Const. amend. VIII. The Bail Reform Act implements this guarantee and governs

a defendant's release or detention pending trial. *See* 18 U.S.C. §§ 3141–3150. The Act requires the Court order a defendant released on his own recognizance or on an unsecured bond pretrial, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the Court determines either personal recognizance or an unsecured bond will not reasonably assure either goal, the Court must impose the least restrictive further condition that will reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B).

6. This is not a presumption case, so there is no presumption of detention.

7. Given the above, and the directive of the Bail Reform Act, a stay is not appropriate in this case. Whatever the determination of the District Court, this Honorable Court ruled that release is appropriate. To do so, and then order a stay, flies in the directive of the Bail Reform Act, which mandates release "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b). Such determination was not made by this Court.

8. Release is appropriate in this case, for the reasons noted on the record by this Court on October 19, 2026, when making its decision to release Mr. Montoya.

WHEREFORE, Mr. Montoya, through counsel, respectfully requests that the Court deny the Government's requested stay, and enter an order releasing Mr. Montoya upon availability at the Halfway House. Mr. Montoya agrees that the Government still retains

the right to appeal in any event, but contends that the Bail Reform Act mandates release unless and until the appeals process plays out, and a Judge determines that Mr. Montoya is not releasable. Such determination has not happened in this case.

Respectfully submitted,

**FEDERAL PUBLIC DEFENDER** 506
S. Main, Suite 400
Las Cruces, New Mexico 88001 (575)
527-6930

***Electronically Filed October 27, 2026***
By:/s/ David Benatar
Assistant Federal Public Defender